UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CANDICE RICHARDSON,

                Plaintiff,

v.                                                     5:15-CV-0360
                                                        (GTS/WBC)

CAROLYN W. COLVIN,
Acting Comm'r of Soc. Sec.,

                Defendant.
_____

APPEARANCES:                                OF COUNSEL:

BOND, MCDONALD AND LEHMAN, P.C.      MARK M. MCDONALD, ESQ.
  Counsel for Plaintiff
91 Genesee Street
Geneva, NY 14456

U.S. SOCIAL SECURITY ADMIN.             JOANNE JACKSON PENGELLY, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Candice Richardson

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of

United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion

for judgment on the pleadings be denied, and that Defendant's motion for judgment on the

pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt.

Nos. 25, 26.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.     **PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes five arguments in objection to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 26, at 2-18 [Pl.'s Mem. of Law].)

First, Plaintiff argues that Magistrate Judge Carter erred in finding that the ALJ applied the correct legal standard in assessing the opinion evidence. (*Id.* at 2-8.) More specifically, Plaintiff argues that the ALJ failed to consider "all of the Commissioner's factors" in weighing the opinion evidence, and should have afforded greater weight to the opinion of treating nurse practitioner, Ms. Sillars. (*Id.*) Within this argument, Plaintiff argues that Magistrate Judge Carter erred in providing additional analysis of the opinion evidence beyond what the ALJ discussed. (*Id.* at 5-6.) Plaintiff further argues that Magistrate Judge Carter and the ALJ erred in summarizing the opinion of consultative mental examiner, Dr. Caldwell, by incorrectly stating that Dr. Caldwell opined that Plaintiff was "limited" in her ability to appropriately deal with stress, rather than "unable" to appropriately deal with stress. (*Id.* at 6.)

Second, Plaintiff argues that Magistrate Judge Carter incorrectly determined that the ALJ properly considered the supportability factor under the regulations in affording little weight to Ms. Sillars's opinion. (*Id.* at 8-12.) Third, Plaintiff argues that the ALJ did not apply the correct legal standard for determining the mental RFC and failed to consider evidence directly contradicting his RFC finding. (*Id.* at 12-15.)

Fourth, Plaintiff argues that the errors are not harmless. (*Id.* at 15-16.) Fifth, and finally, Plaintiff argues that Magistrate Judge Carter incorrectly determined that the ALJ's credibility

2

assessment was made according to proper legal standards and was supported by substantial evidence. (*Id.* at 16-18.)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections primarily reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 26 *with* Dkt. No. 17.) To the extent that Plaintiff's first objection raises specific objections to Magistrate Judge Carter's Report and Recommendation, the Court reviews these portions of the Report and Recommendation *de novo*. Regarding Plaintiff's argument that Magistrate Judge Carter and the ALJ erred in summarizing the opinion of Dr. Caldwell, Plaintiff's point is well taken. (Dkt. No. 26, at 6 [Pl.'s Mem. of Law].)

3

A review of the record confirms that Dr. Caldwell opined that Plaintiff was "unable," rather than "limited" in her ability, to appropriately deal with stress. (T. 259.) However, the Court finds that this misstatement of Dr. Caldwell's opinion was harmless under the circumstances. Notwithstanding the misstatement, the ALJ's assessment of the opinion evidence, including the opinions from Ms. Sillers and Dr. Caldwell, was supported by substantial evidence. The Court notes that other mental opinion evidence of record, including the opinions from State agency medical consultant, Dr. Altsmanberger, and treating nurse practitioner, Ms. Zambell, indicated that Plaintiff had a greater (albeit limited) ability to tolerate work stress than opined by Ms. Sillers and Dr. Caldwell. (T. 425-27, 428-31.) For these reasons, the Court finds that the misstatement of Dr. Caldwell's opinion was harmless and does not require remand.

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 26 *with* Dkt. No. 17.) Therefore the Court reviews the portions Magistrate Judge Carter's Report and Recommendation addressed in the balance of Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 25.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

4

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: May 16, 2016
       Syracuse, New York

_Hon. Glenn T. Suddaby_
Chief U.S. District Judge